Miles F. GOODELL

v.

ANDY'S BARN.

Supreme Judicial Court of Maine.

Argued Nov. 20, 1986.
Decided Dec. 5, 1986.

---

Linnell, Choate & Webber, Curtis Webber, Auburn, for plaintiff.

Isaacson, Hark & Epstein, Elliott L. Epstein (orally), Lewiston, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Andy's Barn appeals from a judgment of the Superior Court, Androscoggin County, dismissing the defendant's appeal from a small claims judgment in favor of the plaintiff, Miles F. Goodell. Andy's Barn contends that the Superior Court erred in determining pursuant to M.R.Civ.P. 80L(c)(3) that the defendant had not shown that there is a genuine issue of material fact as to which there is a right to trial by jury. We conclude that Andy's Barn has shown that there is a genuine issue of material fact and therefore vacate the Superior Court judgment.

## I.

Goodell's dispute with Andy's Barn arose over allegedly defective Armstrong linoleum originally sold to Goodell by Andy's Barn. Although Armstrong agreed to replace the linoleum without charge, Andy's Barn did not agree to install the flooring without full payment for its services. Goodell therefore filed a $200 small claim against Andy's Barn to cover the cost of installing the linoleum. The small claims

court ruled for Goodell and ordered Andy's Barn to assume the cost of installing the floor.

Andy's Barn appealed the judgment to the Superior Court and demanded a jury trial de novo in accord with M.R.S.C.P. 11(d)(2). Pursuant to that rule, Andy's Barn filed two affidavits to demonstrate the existence of a genuine issue of material fact as to which there is a right to trial by jury. Goodell submitted a counter affidavit pursuant to M.R.Civ.P. 80L(c)(1). The Superior Court, acting under the provisions of M.R.Civ.P. 80L(c)(3), ruled that Andy's Barn failed to demonstrate the existence of any genuine issue of material fact.

## II.

M.R.Civ.P. 80L(c)(1) requires a defendant to demonstrate by way of affidavit whether any genuine issue of material fact exists as to which there is a right to trial by jury. Unless a defendant can affirmatively make that showing, a jury trial de novo must be denied. A court's decision to allow the jury trial de novo demand or to dismiss the appeal is therefore very similar to a decision granting or denying a summary judgment.[1] The Superior Court's decision dismissing the defendant's appeal amounts to a grant of summary judgment for Goodell. Accordingly, we apply the same standard of review as we would apply in reviewing a grant of summary judgment pursuant to M.R.Civ.P. 56.

The affidavits submitted by the parties and the record below demonstrate the existence of genuine issues of material fact. A central disputed question in this case is whether the product sold was in fact defective and, if so, whether that defect triggers any warranty obligation on the part of Andy's Barn. Other disputed questions relate to the nature of the original transaction for the purpose of determining whether Goodell's claim is barred by the four-year statute of limitations contained in 11 M.R.S.A. § 2-725(1) (1964).

---

1. This similarity is reinforced by the express terms of M.R.S.C.P. 11(d)(2), whereby affidavits filed by the defendant must meet the requirements of M.R.Civ.P. 56(e).

The entry is:

Judgment vacated.

Remanded for further proceedings in accordance with the opinion herein.

All concurring.